IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAYRA MANZANO-ROSARIO [11],<br><br>Defendant. | CRIMINAL NO.  06-151 (ADC) |

## REPORT AND RECOMMENDATION

Defendant Omayra Manzano-Rosario was charged in Counts 1, 47 through 50 and 75 of a seventy-five (75) counts Indictment and she agreed to plead guilty to Count One.  Count One charges that, beginning on a date unknown, but no later than in or about 2000, and up until the present, in the District of Puerto Rico, California, elsewhere, and within the jurisdiction of this Court, the defendant did knowingly and willfully combine, conspire, and agree with each other and with other persons both known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly and willfully conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to promote the carrying on of the specified

unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) to knowingly and willfully conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) to knowingly and willfully conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substance Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United

United States of America v. Omayra Manzano-Rosario
Criminal No. 06-151 (ADC)
Report and Recommendation
Page No. 3

States including Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under Federal law and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

Defendant appeared before this Magistrate Judge on September 1, 2006, since the Rule 11 hearing was referred by the court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Indictment, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States of America v. Omayra Manzano-Rosario</u>
Criminal No. 06-151 (ADC)
Report and Recommendation
Page No. 4

Having further advised defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsel, Luis Santiago, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt.  Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically appraised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based

United States of America v. Omayra Manzano-Rosario
Criminal No. 06-151 (ADC)
Report and Recommendation
Page No. 5

on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Santiago, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty as follows: Count One, the term of imprisonment which shall not be more than twenty (20) years, a fine not to exceed five hundred thousand dollars ($500,000.00) or twice the value of the property involved in the transaction, whichever is greater, and a term of supervised release of not more than three (3) years in addition to any term of incarceration. Additionally, defendant shall pay a special monetary assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled

<u>United States of America v. Omayra Manzano-Rosario</u>
Criminal No. 06-151 (ADC)
Report and Recommendation
Page No. 6

"Plea Agreement pursuant to Rule 11(c)(1)(B) FRCP" ("the Agreement") was shown to defendant, verifying her signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' estimate and agreement appears on page five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Accordingly, the Base Offense Level is of Eight (8), pursuant to U.S.S.G. §2S1.1(a)(2). A ten (10) level increase shall be made pursuant to U.S.S.G. §2B1.1(b)(1)(E) (more than one hundred and twenty thousand dollars ($120,000.00)); and a two (2) level increase shall be made pursuant to U.S.S.G. §2S1.1(b)(2)B) for a specific offense characteristic if the defendant was convicted of Title 18, <u>United States Code</u>, Section 1956. A three (3) level downward adjustment shall be made for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(b); and a two (2) level downward adjustment shall be made for mitigating role pursuant to U.S.S.G. §3B1.2(b). Hence, defendant's Total Offense

Level will be Fifteen (15), with an imprisonment range of Eighteen (18) to Twenty-Four (24) months assuming a Criminal History Category of I.

As indicated in paragraph eight (8) of the Agreement, the United States and the defendant will recommend a sentence of eighteen (18) months of imprisonment, assuming a criminal history category of I. Defendant understands that the Court may choose to impose a sentence up to twenty (20) years of imprisonment.

The parties do not stipulate any assessment as to the defendant's Criminal History Category. The United States will request at sentencing the dismissal of the remaining count of the Indictment pending against the defendant, pursuant to Rule 11(e)(1)(A) of the Federal Rules of Criminal Procedure.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of her sentence, which may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the

government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled "Stipulation of Facts", which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Having once more ascertained that defendant indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed,

United States of America v. Omayra Manzano-Rosario
Criminal No. 06-151 (ADC)
Report and Recommendation
Page No. 9

both defendant and the government may appeal the sentence of the court.[2]

Defendant waived the reading of the Indictment in open Court. Defendant was provided an opportunity to see and examine same, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count One of the Indictment in Criminal No. 06–151 (ADC).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 06-151 (ADC).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be held on December 7, 2006 at 11:00 p.m. before Honorable Aida Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 5th day of September of 2006.

                                          s/ CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES MAGISTRATE JUDGE

---

[2]The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph eighteen (18) a waiver of appeal.

United States of America v. Omayra Manzano-Rosario
Criminal No. 06-151 (ADC)
Report and Recommendation
Page No. 9

both defendant and the government may appeal the sentence of the court.[2]

Defendant waived the reading of the Indictment in open Court. Defendant was provided an opportunity to see and examine same, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count One of the Indictment in Criminal No. 06–151 (ADC).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 06-151 (ADC).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be held on December 7, 2006 at 11:00 p.m. before Honorable Aida Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 5th day of September of 2006.

                              s/ CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ-RIVE
                              UNITED STATES MAGISTRATE JUDGE

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph eighteen (18) a waiver of appeal.